FILED BY_____D.C.

AUG 15 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **19-20509-CR-SCOLA/TORRES**

18 U.S.C. § 1343
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1030(a)(5)(A)
26 U.S.C. § 7201
18 U.S.C. § 1512
18 U.S.C. § 1519
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)
18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 1030(i)
26 U.S.C. § 7302

**UNITED STATES OF AMERICA**

vs.

**PAUL E. VERNON,**

   **Defendant.**

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Indictment:

1.  Defendant, **PAUL E. VERNON**, was a resident of Palm Beach County, Florida, and the founder, operator, and Chief Executive Officer ("CEO") of Project Investors Inc., doing business as Cryptsy.

2.  Project Investors, Inc., was a Florida Corporation with its principle place of business located at 160 Congress Park Drive, Suite 101, Delray Beach, Florida 33445.

3.  Cryptsy was an online cryptocurrency exchange which allowed its customers to exchange, invest, and trade in various forms of cryptocurrency, including Bitcoin. Its

webservers were located at Vault Networks, located at 100 N. Biscayne Blvd., Suite 604, Miami, Florida 33132.

4. Cryptsy was registered with the Financial Crimes Enforcement Network, or FinCEN, as a Money Services Business. Cryptsy offered its services to customers throughout the United States and various foreign countries.

5. Cryptsy operated from the website: www.cryptsy.com and also maintained a blog located at www.blog.cryptsy.com.

6. Cryptsy provided an internet platform that allowed Cryptsy's customers to trade cryptocurrencies with one another. The platform generally appeared as follows:



7. A customer interested in buying or selling a cryptocurrency like Bitcoin in exchange for other virtual currencies could go to Cryptsy's website and open an account. The customer would then transfer his/her cryptocurrency directly to Cryptsy and then he/she could begin trading his/her cryptocurrency for virtual currencies owned by other Cryptsy customers.

2

8. Cryptsy earned revenue by charging a percentage fee (in the form of the underlying cryptocurrency) for each cryptocurrency exchange or trade that took place on the Cryptsy website.

9. Cryptsy, in the name of Project Investors, maintained a merchant account at Coinbase, located in San Francisco, California

10. Coinbase was a web-based cryptocurrency wallet and platform where merchants and consumers could buy, sell, and trade cryptocurrencies like Bitcoin.

11. Cryptsy used Coinbase to convert the revenue Cryptsy earned from the fees associated cryptocurrency exchanges on the Cryptsy platform, into cash. The cash was then distributed to Cryptsy's corporate bank accounts to pay for Cryptsy's expenses, employee paychecks, and employee bonuses, among other things.

12. Cryptsy did not maintain separate "wallets" or segregated accounts for the cryptocurrencies transferred or owned by each of its customers. Rather, Cryptsy essentially maintained one wallet for each type of cryptocurrency it allowed its customers to trade with one another. Within each of these wallets, a customer's cryptocurrency was comingled with the same type of cryptocurrency transferred to Cryptsy by its other customers and with the fees generated by Cryptsy from its customers' trading activities.

13. Cryptsy maintained internal software on its computer servers that provided the accounting and administrative support to track all of the trading activity of Cryptsy's customers including keeping track of the account balances for each of Cryptsy's customers and the fees generated for Cryptsy from their trading activities.

14. Cryptsy represented to its customers that they could at any time withdraw cryptocurrency from their Cryptsy accounts.

3

## COUNTS 1-6
## WIRE FRAUD
## (18 U.S.C. § 1343)

1. Paragraphs 1-14 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From on or about May 23, 2013, and continuing through on or about January 14, 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**PAUL E. VERNON,**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and transmitted and caused to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for **PAUL E. VERNON** to unjustly enrich himself by: (a) soliciting and causing others to solicit over one million dollars in funds from potential Cryptsy customers through false and fraudulent misrepresentations and omissions as to the security of Cryptsy website and the financial health of the company, among others; (b) misappropriating and converting Cryptsy customer funds for **VERNON's** personal benefit, and the benefit of others without the consent or authority of Cryptsy

4

customers; and (c) engaging in activities which were designed to fraudulently conceal **VERNON's** commission of such conduct.

## SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among others, the following:

4. **PAUL E. VERNON** solicited cryptocurrency owners to deposit their cryptocurrency with Cryptsy by touting the safety and financial health of Cryptsy's cryptocurrency trading platform. Through representations made in personal interviews with the investing public and announcements made through his website, **VERNON** caused cryptocurrency investors to trust the safety of Cryptsy for storing and trading their virtual currency.

5. As the founder and operator of Cryptsy, **PAUL E. VERNON** exercised control over cryptocurrencies deposited on the Cryptsy website. Between in and around May 2013, through in and around May 2015, **VERNON** used his control over Cryptsy's accounts, known as wallets, to falsely and fraudulently withdraw over one million of dollars from Cryptsy's self-maintained cryptocurrency wallets. Once **VERNON** stole his customers' funds from Cryptsy's wallets, he falsely and fraudulently deposited the funds into his personal Coinbase account, from which he transferred the funds into his personal TD Bank account ending in -2307. At no time during this time period did **VERNON** disclose his theft of his investors' funds from their Cryptsy accounts.

6. On or about July 29, 2014, **PAUL E. VERNON** informed Cryptsy employees that Cryptsy had been hacked by an unidentified party, and that the hacker had stolen more than five million dollars' worth of bitcoins and other cryptocurrency from Cryptsy. For six

5

months following this disclosure to his employees, **VERNON** continued to operate Cryptsy, including soliciting new customers, without disclosing to his customers that the website's security had been compromised, resulting in the theft of millions of dollars of client funds.

7. In or around October 2014, months before disclosing the hack to the general public, **VERNON** sought to reassure his customers through the Cryptsy blog. **VERNON** falsely and fraudulently posted on the Cryptsy blog that Cryptsy "strived for transparency and doing what is right." **VERNON** made this false and fraudulent representation while simultaneously failing to disclose the June 2014 hack, his own theft of Cryptsy customers' funds, and his use of new and existing Cryptsy customers' funds to conceal his fraudulent conduct.

8. In or around November of 2015, **PAUL E. VERNON** moved from the Southern District of Florida to China. Once outside the reach of his customers, on or about January 14, 2016, the Cryptsy blog, for the first time, publicly reported the 2014 loss of bitcoin and other cryptocurrency to Cryptsy customers.

9. Based on various false and fraudulent representations detailed above, **PAUL E. VERNON** caused thousands of investors to deposit millions of dollars' worth of cryptocurrency through his Cryptsy website. Ultimately, **VERNON** misappropriated over one million dollars for his personal use and enrichment, and many Cryptsy customers never received the funds they had deposited with Cryptsy.

## USE OF THE WIRES

10. On or about the dates specified as to each count below, the defendant, **PAUL E. VERNON**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and

fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as more particularly described below:

| COUNT | APPROX. DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | 11/9/2014 | Transferred 21 bitcoins from Cryptsy servers located in Miami, Florida to Coinbase, located in San Francisco, California, causing a wire transmission from the Southern District of Florida to San Francisco, California. |
| 2 | 11/10/2014 | Transferred 43 bitcoins from Cryptsy servers located in Miami, Florida to Coinbase, located in San Francisco, California, causing a wire transmission from the Southern District of Florida to San Francisco, California. |
| 3 | 11/11/2014 | Transferred 30 bitcoins from Cryptsy servers located in Miami, Florida to Coinbase, located in San Francisco, California, causing a wire transmission from the Southern District of Florida to San Francisco, California. |
| 4 | 11/12/2014 | Transferred 17 bitcoins from Cryptsy servers located in Miami, Florida to Coinbase, located in San Francisco, California, causing a wire transmission from the Southern District of Florida to San Francisco, California. |
| 5 | 5/27/2015 | Transferred 200 bitcoins from Cryptsy servers located in Miami, Florida to Coinbase, located in San Francisco, California, causing a wire transmission from the Southern District of Florida to San Francisco, California. |
| 6 | 5/31/2015 | Transferred 200 bitcoins from Cryptsy servers located in Miami, Florida to Coinbase, located in San Francisco, California, causing a wire transmission from the Southern District of Florida to San Francisco, California. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 7-12
## MONEY LAUNDERING
## (18 U.S.C. §1956(a)(1)(B)(i))

1. The allegations contained in paragraphs 1 through 14 of the General Allegations of this Indictment are realleged and incorporated as though fully set forth herein.

2. On or about the dates set forth below, each date constituting a separate count of this Indictment, in Palm Beach and Miami-Dade Counties, within the Southern District of Florida, and elsewhere, defendant,

**PAUL E. VERNON,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, as set forth below:

| COUNT | APPROX. DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 7 | 11/9/2014 | Wire transfer of approximately $26,640.27 from **PAUL E. VERNON's** personal Coinbase account to T.D. Bank account ending in -2307, belonging to **PAUL E. VERNON**, causing a wire transmission from San Francisco, California, to the Southern District of Florida. |
| 8 | 11/10/2014 | Wire transfer of approximately $43,303.61 from **PAUL E. VERNON's** personal Coinbase account to T.D. Bank account ending in -2307, belonging to **PAUL E. VERNON**, causing a wire transmission from San Francisco, California, to the Southern District of Florida. |
| 9 | 11/11/2014 | Wire transfer of approximately $31,694.63 from **PAUL E. VERNON's** personal Coinbase account to T.D. Bank account ending in -2307, belonging to **PAUL E. VERNON**, causing a wire transmission from San Francisco, California, to the Southern District of Florida. |

| 10 | 11/12/2014 | Wire transfer of approximately $19,724.13 from **PAUL E. VERNON's** personal Coinbase account to T.D. Bank account ending in -2307, belonging to **PAUL E. VERNON**, causing a wire transmission from San Francisco, California, to the Southern District of Florida. |
| --- | --- | --- |
| 11 | 5/27/2015 | Wire transfer of approximately $47,040.84 from **PAUL E. VERNON's** personal Coinbase account to T.D. Bank account ending in -2307, belonging to **PAUL E. VERNON**, causing a wire transmission from San Francisco, California, to the Southern District of Florida. |
| 12 | 5/31/2015 | Wire transfer of approximately $45,690.48 from **PAUL E. VERNON's** personal Coinbase account to T.D. Bank account ending in -2307, belonging to **PAUL E. VERNON**, causing a wire transmission from San Francisco, California, to the Southern District of Florida. |

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 13
## COMPUTER FRAUD
## (18 U.S.C. § 1030(a)(5)(A))

On or about April 4, 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

## PAUL E. VERNON,

did knowingly cause the transmission of a program, information, code, and commands, and, as a result of such conduct, did intentionally cause damage, without authorization, to a protected computer, that is, one or more computer servers owned by the receiver/corporate monitor over Project Investors, Inc. d/b/a Cryptsy, with such damage causing a loss during the one year period beginning on or about April 4, 2016, aggregating more than $5,000, in violation of Title 18, United States Code, Sections 1030(a)(5)(A), and 1030 (c)(4)(B)(i), and 2.

## COUNT 14
## TAMPERING WITH RECORDS, DOCUMENTS, AND OTHER OBJECTS
## (18 U.S.C. § 1512)

On or about April 4, 2016, in Miami-Dade County, in the Sothern District of Florida, and elsewhere, the defendant,

## PAUL E. VERNON,

did corruptly alter, destroy, mutilate, and conceal a record, document, and other object, that is, one or more computer servers owned by the receiver/corporate monitor over Project Investors, Inc. d/b/a Cryptsy, and attempted to do so, with the intent to impair the object's integrity and availability for use in an official proceeding, in violation of Title 18, United States Code, Sections 1512(c)(1) and 2.

## COUNT 15
## DESTRUCTION OF RECORDS IN FEDERAL INVESTIGATION
## (18 U.S.C. § 1519)

On or about April 4, 2016, in Miami-Dade County, in the Sothern District of Florida, and elsewhere, the defendant,

## PAUL E. VERNON,

did knowingly alter, destroy, mutilate, conceal, and cover up any record and tangible object, that is, one or more computer servers owned by the receiver/corporate monitor over Project Investors, Inc. d/b/a Cryptsy, with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of the Internal Revenue Service, Criminal Investigations and the Federal Bureau of Investigations, departments and agencies of the United States, and in relation to and contemplation of any such matter, in violation of Title 18, United States Code, Sections 1519 and 2.

## COUNT 16
## ATTEMPTING TO EVADE OR DEFEAT TAX
## (26 U.S.C. § 7201)

On or about March 22, 2015, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**PAUL E. VERNON,**

a resident of Palm Beach County, did knowingly and willfully attempt to evade and defeat substantial income tax due and owing by him to the United States of America for the calendar year 2014, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, on behalf of himself, which was filed with the Internal Revenue Service, wherein the defendant stated that his taxable income for the calendar year 2014 was $694,057 and that the amount of tax due thereon was $225,850.00, when in truth and fact, as he then and there knew, his correct taxable income for the calendar year 2014 was substantially more than the amount reported on the tax return, and as a result of such additional taxable income, there was additional tax due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

## COUNT 17
## ATTEMPTING TO EVADE OR DEFEAT TAX
## (26 U.S.C. § 7201)

On or about April 13, 2016 in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**PAUL E. VERNON,**

11

a resident of Palm Beach County, Florida, did knowingly and willfully attempt to evade and defeat substantial income tax due and owing by him to the United States of America for the calendar year 2015, by, among other things, preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Form 4868 Application for Automatic Extension of Time To File a Tax Return, on behalf of himself, which was filed with the Internal Revenue Service wherein the defendant stated that his estimated tax liability for the calendar year 2015 was $1,244 and that the amount of tax due thereon was $0, when in truth and fact, as he then and there knew, that based on his taxable income for the calendar year 2015, his tax due and owing to the United States was substantially more than $0.

In violation of Title 26, United States Code, Section 7201.

## FORFEITURE

1.  The allegations of this Indictment are re-alleged and incorporated herein for the purpose of alleging forfeiture to the United States of America of property in which defendant, **PAUL E. VERNON**, has an interest.

2.  Upon conviction of any violation of Title 18, United States Code, Section 1343, the defendant shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

3.  Upon conviction of any violation of Title 18, United States Code, Section 1956(a) as alleged in this Indictment, the defendant shall forfeit to the United States, any property, real or personal, involved in such violation, or any property traceable to such property.

4.  Upon conviction of any violation of Title 18, United States Code, Section 1030(a) as alleged in this Indictment, the defendant shall forfeit to the United States, any

property, real or personal, which constitutes or is derived from proceeds traceable to such violation, any property constituting or derived from proceeds obtained, directly or indirectly as a result of such violation, any personal property that was used or intended to be used to commit or to facilitate the commission of the violation, and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly as a result of such violation.

5. Upon conviction of a violation of Title 26, United States Code, Section 7201 as alleged in this Indictment, the defendant shall forfeit any property intended for use in violation of the internal revenue laws, or regulations prescribed under such laws, or which has been so used.

6. All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(1), Title 18, United States Code, Section 982(a)(2)(B), Title 18, United States Code, Section 1030(i) and Title 26, United States Code, Section 7302 and the procedures set forth at Title 21, United States Code, Section 853, made applicable by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b).

A TRUE BILL

FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
BROOKE WATSON
ASSISTANT UNITED STATES ATTORNEY

_____
AURORA FAGAN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

PAUL E. VERNON,
_____ Defendant. _____/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division**: (Select One)
✓ Miami ___ Key West
___ FTL ___ WPB ___ FTP

New defendant(s)          Yes ___  No ___
Number of new defendants  ___
Total number of counts    ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect    _____

4. This case will take  7-10  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                           (Check only one)

   I     0 to 5 days       ___              Petty     ___
   II    6 to 10 days      ✓                Minor     ___
   III   11 to 20 days     ___              Misdem.   ___
   IV    21 to 60 days     ___              Felony    ✓
   V     61 days and over  ___

6. Has this case previously been filed in this District Court?   (Yes or No)   No___
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No___
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)    No___

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?    Yes ___    No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?    Yes ___    No ✓

                                      _____
                                      BROOKE WATSON
                                      ASSISTANT UNITED STATES ATTORNEY
                                      COURT NO. A5501844

\*Penalty Sheet(s) attached                                                REV 8/13/2018

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** PAUL E. VERNON

**Case No:** _____

Counts #: 1-6

Wire Fraud

18 U.S.C. § 1343

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 2-12

Money Laundering

18 U.S.C. § 1956(a)(1)(B)(i))

**\*Max. Penalty:** 20 Years' Imprisonment

Count #: 13

Computer Fraud

18 U.S.C. § 1030

**\*Max. Penalty:** 20 Years' Imprisonment

Count #: 14

Tampering with Records, Documents, and Other Objects

18 U.S.C. § 1512

**\*Max. Penalty:** 20 Years' Imprisonment

Count #: 15

Destruction of Evidence in a Federal Investigation

18 U.S.C. § 1519

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 16 and 17

Tax Evasion

26 U.S.C. § 7201

**\*Max. Penalty:** 5 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**